IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD COKER, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-0005-M |
| | § | |
| DALLAS COUNTY JAIL, et al., | § | |
| | § | |
| Defendants. | § | Pretrial Management |

## SUPPLEMENTAL FINDINGS, CONCLUSIONS, & RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's *Standing Order of Reference*, filed October 11, 2006, this case was referred to this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions.

On October 17, 2007, the District Court issued its *Order Accepting Findings and Recommendation of the United States Magistrate Judge and Remanding One Claim*. That order accepted the August 30, 2007 *Findings, Conclusions & Recommendation of the United States Magistrate Judge* recommending that *Defendants' Joint Motion for Summary Judgment*, filed March 14, 2007 ("MSJ") be granted in part, and denied in part, but sustained one objection to the findings. Plaintiff objected to the notation in footnote 24 that he appeared to be asserting a wheelchair deprivation claim against Defendant Bowers for the first time in his summary judgment response. The District Court found that Plaintiff had asserted a wheelchair deprivation claim against Defendant

Bowers in the Rule 7(a) Reply[1] and ordered the United States Magistrate Judge to consider "the Defendant's Motion to Dismiss that claim."

Review of Defendant Bowers' motion for summary judgment[2] and the supporting memorandum reveals that while Defendant Bowers moved for summary judgment on the claim that he failed to supervise or train staff who deprived Plaintiff of a wheelchair, he did not move for summary judgment on any claim that he deprived Plaintiff of a wheelchair. *See MSJ* at 1; *Mem.* at 8-10, 12. Because he did not address this claim in his motion for summary judgment,[3] it would be error to grant summary judgment for Defendant Bowers on a ground not raised. *See, e.g., John Deere Co. v. Am. Nat'l Bank, Stafford,* 809 F.2d 1190, 1192 (5th Cir.1987); *see also John v. State of La. (Bd. of Trustees for State Colls. & Univs.)*, 757 F.2d 698, 708 (5th Cir. 1985) (holding that Rule 56 contemplates shifting burden: the nonmovant is under no obligation to respond unless the movant discharges his initial burden; if the moving party fails to discharge this burden, summary judgment must be denied even where the nonmoving party fails to respond). Accordingly, summary judgment should not be granted in favor of Defendant Bowers on this claim.

**SO RECOMMENDED** on this 18th day of October, 2007.

*[signature]*
**IRMA CARRILLO RAMIREZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff alleged in his Rule 7(a) reply that Defendant Bowers knew his staff was depriving Plaintiff of a wheelchair and "failed in his duties to ensure that the Plaintiff either had a wheelchair, or an alternative of some type to mobility." *Plaintiff's Rule 7(a) Reply Motion*, *Coker v. Dallas County Jail*, No. 3:05-CV-0005-M, at 4 (N.D. Tex. filed Dec. 26, 2007).

[2] No motion to dismiss was filed by Defendant Bowers.

[3] Nor did Defendant Bowers address this claim in a reply; none was filed.

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings and recommendation on all parties by mailing a copy to each of them. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings, legal conclusions, and recommendation of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                          IRMA CARRILLO RAMIREZ
                                          UNITED STATES MAGISTRATE JUDGE